**FILED**
**U.S. District Court**
**District of Kansas**

03/18/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ZACKERY J. ASKINS,

        **Plaintiff,**

        **v.**                        **CASE NO.  26-3048-JWL**

COMMANDER, MIDWEST JOINT
REGIONAL CORRECTIONAL
FACILITY,

        **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Zackery J. Askins is a military prisoner currently incarcerated at the Midwest Joint Regional Corrections Facility ("MJRCF") at Fort Leavenworth, Kansas. (Doc. 1, p. 6.) He proceeds pro se and has been granted leave to proceed in forma pauperis. (Doc. 7.) Now before the Court are Plaintiff's complaint (Doc. 1), his motion for appointment of counsel (Doc. 3), his motion for preliminary injunction and a temporary restraining order (Doc. 4), and two motions for discovery (Docs. 5 and 6).

Plaintiff began this case by mailing to this Court a complaint on the court-required form for civil rights complaints brought pursuant to 28 U.S.C. § 1331. (Doc. 1.) In pages attached to this form, Plaintiff explained that "[t]his case concerns multiple civil rights violations." *Id.* at 6. But Plaintiff has not filled out the vast majority of the required form. *See id.* at 1-5. He has failed to identify a defendant[1] in either of the spaces provided on the form. *Id.* at 1. He also has left blank

---

[1] The Court is aware that this case is captioned to reflect that the MJRCF Commander, hereinafter referred to as "the Commander," is the defendant. When docketing this case, the Clerk of Court entered the Commander as the defendant because the Commander is named as Respondent on a declaration attached to the complaint (Doc. 1-1), the request for counsel (Doc. 3), the motion for preliminary injunction and for temporary restraining order (Doc. 4), and one motion for discovery (Doc. 6). Moreover, the Commander is identified as the Defendant on the other motion for discovery (Doc. 5) and "Commander MWJCRF" is written on  the motion for leave to proceed in forma pauperis in

the portions of the form that provide space for (1) the nature or background of the case; (2) identifying for each count the constitutional provision or federal law allegedly violated; and (3) stating for each count the supporting facts, "including names of persons involved, places and dates." *Id.* at 1-4.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

If Plaintiff wishes to bring claims that his civil rights have been violated, he must utilize the required court-approved form. *See* D. Kan. R. 9.1(a). The Court requires the use of these forms so that it can readily determine the nature of a plaintiff's claims and the facts supporting each claim. The court-approved form helps the Court to identify the particular claims by providing specific places for a plaintiff to identify each individual defendant, the legal basis for each count, and the facts that support each count. The Court cannot make this determination from the current complaint. Thus, Plaintiff will be granted time in which to file an amended complaint on the court-approved form. Plaintiff may attach pages to the form if necessary to provide the required information, but he should not utilize the form merely to direct the reader to attachments. *See Chavez v. Huerfano Cnty.*, 195 F. App'x 728, 730 (10th Cir. Sept. 1, 2026) (unpublished) ("It is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case.").

---

the space for identifying the "Defendant(s)/Respondent(s)" (Doc. 2, p. 1). In any event, the spaces on the form complaint for identifying the defendant or defendants in this matter have been left blank. (Doc. 1, p. 1.)

Turning to the pending motions, the Court will defer ruling on Plaintiff's motion for appointment of counsel (Doc. 3) and his motion for preliminary injunction and temporary restraining order (Doc. 4) until it receives a complaint that establishes the named Defendants to this case and the claims being brought against those Defendants. Plaintiff's motions for discovery (Docs. 5 and 6) will be denied without prejudice as premature. This action currently is in the preliminary screening stage, during which the Court liberally construes pro se pleadings, accepts all well-pleaded allegations in the complaint as true, and construes them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Discovery in this case has not yet commenced. *See* Fed. R. Civ. P. 26(d).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **April 20, 2026,** to file an amended complaint properly utilizing the court-approved, required form. The clerk is directed to send to Plaintiff a copy of the appropriate form complaint. If Plaintiff fails to timely file an amended complaint on the required form, this matter will be dismissed without further prior notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's discovery motions (**Docs. 5 and 6**) are **denied without prejudice** as premature. The Court defers ruling on the remaining pending motions (Docs. 3 and 4) until Plaintiff files an amended complaint.

**IT IS SO ORDERED**.

**Dated March 18, 2026, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

3