**FILED**
**U.S. District Court**
**District of Kansas**
04/16/2026

**Clerk, U.S. District Court**
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ZACKERY J. ASKINS,

            **Plaintiff,**

      v.                                                    **CASE NO.  26-3048-JWL**

LAURA A. PROFFIT, et al.,

            **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff Zackery J. Askins, a military inmate at the Midwest Joint Regional Corrections Facility ("MJRCF") at Fort Leavenworth, Kansas, brings this pro se action alleging various violations of his rights. He has been granted leave to proceed in forma pauperis. (Doc. 7.) This matter comes now before the Court on Plaintiff's amended complaint, filed April 6, 2026. (Doc. 9.) For the reasons explained below, Plaintiff will be granted time in which to file a second amended complaint that cures the deficiencies identified below. In addition, the Court denies without prejudice Plaintiff's motion for appointment of counsel and defers ruling on the motion for preliminary injunction and temporary restraining order until Plaintiff files his second amended complaint.

## I.  Motion for Appointment of Counsel (Doc. 3)

Plaintiff has moved for the appointment of counsel. (Doc. 3.) He states that he is a layman, he is indigent, his case is unique because it involves both federal civilian courts and the military, it will affect all future military prisoners, his access to a legal library is extremely limited, he has experienced interference with his mail, he has a history of being retaliated against, he has limited ability to obtain documentation of his exhaustion of administrative remedies, and Defendants'

1

agents have forged his signature on previous documents and have lost, deleted, or destroyed numerous documents related to Plaintiff's complaints.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of [his] claims, the nature and complexity of the factual and legal issues, and [Plaintiff's] ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not yet clear that Plaintiff has asserted

2

a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motion without prejudice to refiling if this matter survives screening.

## II. Nature of the Matter before the Court

On March 9, 2026, Plaintiff filed the complaint that began this case (Doc. 1), a motion for leave to proceed in forma pauperis (Doc. 2), a motion for appointment of counsel (Doc. 3), a motion for preliminary injunction and for temporary restraining order (Doc 4), and two motions for discovery (Docs. 5 and 6). The Court granted Plaintiff leave to proceed in forma pauperis (Doc. 7) and, in an order issued on March 18, 2026, denied Plaintiff's discovery motions as premature. (Doc. 8.) In the same order, the Court directed Plaintiff to file an amended complaint that properly utilizes the form on which the Court requires complaints to be filed and the Court deferred ruling on the remaining motions. *Id.* Plaintiff timely filed his amended complaint on April 6, 2026. (Doc. 9.)

In the amended complaint, Plaintiff names as Defendants MJRCF Commander LTC Laura A. Proffit and MJRCF Deputy Commander Stephen Hansen. (Doc. 9, p. 1-2.) As the background of the case, Plaintiff states that he was incarcerated at the MJRCF from June 2023 through May 2024 and was hospitalized beginning in January 2024. *Id.* at 2. In May 2024, he was evacuated to the Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP Springfield"), but he returned to the MJRCF in May 2025 after MJRCF staff "refuse[d] to release or sen[d] the Plaintiff's medical records to Springfield." *Id.*

In Count I of the amended complaint, Plaintiff asserts that he was denied his right to religious freedom by the repeated seizure and destruction of his religious articles and texts. *Id.* at 3. Plaintiff also briefly refers to the seizure and destruction of "legal documents." As supporting

facts for Count I, Plaintiff explains that he is "Norse Pagan/Asatru" and states that when he arrived at the MJRCF in June 2023 and May 2025, "all religious items were take[n] and destroyed." *Id.* Attached to the form on which the amended complaint was filed is a "Declaration" by Plaintiff that asserts multiple civil rights violations. (Doc. 9-1, p. 1.) Liberally construed, the portion of the declaration titled "Complaint 1" appears to provide additional facts in support of Count I. *Id.*

In the declaration, Plaintiff explains that when he arrived at the MJRCF, "multiple religious items," including religious texts and a Valknut, which is a religious pendant, were seized, along with other "protected" property like legal case work and "required items." *Id.* Plaintiff's complaints through the administrative system were "ignored, dismissed, and ultimately deleted." *Id.* MJRCF staff first told Plaintiff that the military corrections command was exempt from the requirements of the First Amendment and the military's equal opportunity protections, then "had someone impersonate the battalion EOL representative and falsely take [Plaintiff's] official EO complaint." *Id.* Plaintiff asserts that the seizure, destruction, and disfiguration of religious items is "a reoccurring and endemic issue for anyone not of Abrahamic religious." *Id.* at 2.

In Count II of the amended complaint, Plaintiff asserts the "[d]estruction of administrative remedies," the loss and/or destruction of parole packets, and the refusal to certify court documents. (Doc. 9, p. 3.) As supporting facts for Count II, Plaintiff asserts that over 200 of his "administrative remedies [were] deleted. *Id.* Also deleted or destroyed were numerous complaints, grievances, and military police "reports [and] investigations." *Id.* In Count III, Plaintiff alleges that he was denied medical treatment and retaliated against for seeking medical treatment. (Doc. 9, p. 3-4.) As supporting facts for Count III, Plaintiff states that because he sought medical treatment and antibiotics, he was punished and sent to the SHU, where he was given a more severe status than inmates in maximum custody. *Id.* at 4.

4

The declaration attached to the amended complaint lists eight "complaints." (Doc. 9-1, p. 1-5.) As noted above, "Complaint 1" appears to parallel Count I. The remaining seven complaints in the declaration are not as easily assigned to either Count II or Count III and include allegations that appear to be outside the scope of the claims in Counts I, II, and III, such as Plaintiff being denied access to counsel and legal proceedings while at MCFP Springfield. *See id.* at 2. As relief in this case, Plaintiff seeks time credit, legal costs, and the replacement or "reparation" of religious items. (Doc. 9, p. 5.)

**III. Screening Standards**

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the

line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

## IV. Discussion

### A. Relief Requested

As noted above, Plaintiff has identified the relief he seeks in this case as time credit, legal costs, and the replacement or "reparation" of his religious items. Plaintiff may not obtain credit toward his sentence in this civil action. A petition for federal writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle to challenge the execution of a federal sentence, including military prisoners' challenges to the award or denial of credit against a sentence. *See, e.g., Marrie v. Nickels*, 70 F. Supp. 2d 1252, 1259-60 (D. Kan. 1999) (holding that administrative sentence credit can only be sought by military prisoner in a habeas corpus proceeding); *Cook v. Curtis*, 2026 WL 183482, *1 (D. Kan. Jan. 23, 2026) (unpublished) (denying petition challenging denial of credit for time spent on Mandatory Supervised Release); *Valois v. Commandant*, 2015 WL 5837658, *1 (D. Kan. Oct. 7, 2015) (unpublished) (denying military prisoner's petition challenging the deduction of good conduct time credit from his sentence). Thus, any request in this civil action for credit toward Plaintiff's sentence is subject to dismissal.

### B. Identification of Federal Right that was Violated

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff

6

believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). This Court previously has explained this requirement to Plaintiff and has highlighted the need for Plaintiff to identify "for each count the constitutional provision or federal law allegedly violated." (Doc. 8, p. 1-2.) The court-approved form on which Plaintiff was required to file his amended complaint includes a section titled "Cause of Action," in which he is meant to identify the "constitutional provisions or laws of the United States" under which his claims arise. (Doc. 9, p. 3.)

Plaintiff does not specifically identify the constitutional provision or federal law under which any of his claims arise, but the Court finds that Count I could be liberally construed to assert a claim under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb(b). The Court does not opine on the chances of success on the merits of an RFRA claim brought by Plaintiff. At this early point in this case, the Court is simply attempting to clarify the nature of Plaintiff's claims. If Plaintiff did not intend to bring an RFRA claim in Count I, he must file a second amended complaint that clearly identifies the legal basis for Count I. If Plaintiff does not file a second amended complaint, the Court will take that as confirmation that Plaintiff wishes to bring an RFRA claim in Count I.

Similarly, Count III could be liberally construed to raise a claim that Plaintiff's constitutional rights under the Eighth Amendment to adequate medical care and to be free from cruel and unusual punishment were violated. Again, the Court offers no opinion at this time on the validity or the merits of such claims; it merely attempts to identify the legal right Plaintiff believes was violated by the facts alleged in support of Count III. If Plaintiff did not intend to bring Eighth Amendment claims in Count III, he must file a second amended complaint that clearly identifies the legal basis for Count III. If Plaintiff does not file a second amended complaint, the

Court will take that as a confirmation that Plaintiff wishes to bring an Eighth Amendment claim in Count III.

Even liberally construing Count II, the Court cannot determine the constitutional provision or federal law Plaintiff believes was violated by the "[d]estruction of administrative remedies, loss and destruction of parole packets, [and] refusal to certify court documents." (*See* Doc. 9, p. 3.) If Plaintiff wishes to pursue Count II, he must file a second amended complaint that identifies the constitutional provision or federal law he believes was violated by the facts alleged in support of Count II. If Plaintiff fails to file a second amended complaint that does so, Count II will be dismissed for failure to state a plausible claim for relief.

### C. Insufficient Factual Allegations

As noted above, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. Even when the amended complaint is liberally construed, Counts II and III contain insufficient factual allegations to state a plausible claim for relief. Thus, they are subject to dismissal.

Count II is based on the "[d]estruction of administrative remedies, loss and destruction of parole packets, [and] refusal to certify court documents." (Doc. 9, p. 3.) As supporting facts for Count II, Plaintiff states that he "has had over 200 administrative remedies deleted, additional numerous[s] EO complaints, Grievance, and MPI reports & investigations were destroyed." *Id.* Plaintiff does not further explain these allegations. He does not specifically identify the deleted or destroyed documents or records, provide dates of deletion or destruction, identify who was

8

responsible for the deletion or destruction, or identify what federal law or constitutional right was violated by the deletion or destruction.

Similarly, Count III alleges the "[d]enial of medical treatment [and r]etaliation for seeking medical treatment." (Doc. 9, p. 3-4.) As supporting facts for Count III, Plaintiff states only that he "was punished and sent to the SHU, under more severe status than MAX custody inmates for seeking medical treatment and antibiotics." *Id.* at 4. Plaintiff does not provide dates for these actions, detail the restrictions to which he was subjected in the SHU, identify who was responsible for his being housed there, or further explain the circumstances that caused him to believe retaliation occurred. He has made only the type of "conclusory allegations without supporting factual averments" that "are insufficient to state a claim upon which relief can be based." *See Hall*, 935 F.2d at 1110.

Plaintiff provides additional, more specific facts in the declaration attached to the amended complaint (Doc. 9-1), but it is not clear which of those alleged facts are intended to support Count II and which are intended to support Count III.[1] If Plaintiff chooses to file a second amended complaint, he may attach additional pages if necessary to provide sufficient factual allegations to support his claims, but those pages must be clearly labeled to indicate which facts are alleged in support of each count. For example, Plaintiff could attach a page titled "Additional Supporting Facts for Count II" and provide therein the necessary facts. Plaintiff need not plead all of the evidence that supports his claims or fully argue the claims, *see Chavez v. Huerfano Cnty.*, 195 F.

---

[1] The declaration attached to the amended complaint also includes factual allegations that do not appear related to any of the three counts set forth in the amended complaint. For example, the declaration refers to Plaintiff being denied access to counsel while he was at MCFP Springfield. (Doc. 9-1, p. 2.) But even liberally construing the amended complaint, it does not include a count based on denial of the constitutional right to counsel, nor does it include a count based on actions taken by MCFP Springfield staff. In any event, such claims likely could not be brought in this case due to the rules on joinder, set forth below.

App'x 728, 729-30 (10th Cir. Sept. 1, 2006) (unpublished), but he must allege sufficient facts to state a plausible claim for relief.

In addition, the lack of specific factual allegations to support Counts II and III of the amended complaint violates Rule 8 of the Federal Rules of Civil Procedure. Rule 8[2] requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)). Even liberally construing the pro se amended complaint, the Court cannot determine the factual basis of the claims in Counts II and III. Plaintiff does not identify specific actions taken by individuals, nor does he provide the dates on which those actions occurred. Thus, the complaint would not give Defendants fair notice of the basis of the claim or claims against them.

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint. *See Nasious*, 492 F.3d at 1162 n.3; *Chavez*, 195 Fed. Appx. at 730 (affirming dismissal without prejudice for violation of Rule 8 and stating that "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case"). Rather than immediately imposing such a harsh consequence as dismissing Counts II and III of the amended complaint, however, the

---

[2] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

Court will allow Plaintiff an opportunity to further amend his complaint to ensure sufficient facts to comply with Rule 8 and state a plausible claim for relief.

### D. Joinder

Federal Rule of Civil Procedure 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*; *see also Gillon v. Federal Bureau of Prisons*, 424 F. App'x 722, 725 (10th Cir. 2011) (unpublished) (where amended complaint combined separate and unrelated claims, many of them arising out of different alleged incidents against multiple defendants, court rejected plaintiff's argument that his claims were related because they

11

all allege constitutional violations relating to his overarching allegation of retaliation by prison officials).

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action. The Court notes that the declaration attached to the amended complaint contains factual allegations related to events that occurred while Plaintiff was at MCFP Springfield. (Doc. 9-1.) But the only Defendants named in this case are the Commander and Deputy Commander of the MJRCF and any claims based on events that occurred at MCFP Springfield would likely run afoul of the joinder rules set forth above, even if Plaintiff named proper defendants who engaged in the alleged violations at MCFP Springfield.

## V. Conclusion

For the reasons set forth above, the Court finds that Plaintiff's request for time credit is subject to dismissal, as that is not a type of relief available outside of a habeas case. The Court further finds that Count I could be liberally construed to raise a claim under the RFRA and Count III could be liberally construed to raise Eighth Amendment claims, but the constitutional provision or federal law giving rise to Count II is unclear, even when the amended complaint is liberally construed. Moreover, Plaintiff has alleged insufficient facts to support Counts II and III and to ensure that they comply with Rule 8 of the Federal Rules of Civil Procedure. Thus, Counts II and III are subject to dismissal for failure to state a claim and Count I is subject to further screening

after it is confirmed that Count I is intended to bring a RFRA claim or Plaintiff identifies another constitutional provision or federal law violated by the actions that gave rise to Count I.

Plaintiff will be granted time in which to file a second amended complaint that identifies for each count therein the constitutional provision or federal law he believes was violated and states, for each count, sufficiently specific factual allegations to state a plausible claim for relief. In order to add claims or significant fact allegations, Plaintiff must submit a complete second amended complaint. *See* Fed. R. Civ. P. 15. The second amended complaint will not supplement the initial complaint or the amended complaint. Instead, the second amended complaint will completely replace all previous pleadings. Therefore, any claims, Defendants, or factual allegations not included in the second amended complaint will not be before the Court.

Plaintiff may not refer to or incorporate by reference his initial complaint or his amended complaint. The second amended complaint must contain all claims that Plaintiff intends to pursue in this action, including those to be retained from his initial or amended complaint. The second amended complaint must—by itself—allege sufficient facts to show a plausible claim for relief against a named defendant.

Plaintiff must write the number of this case (26-3048) at the top of the first page of his second amended complaint. For each count, he must clearly identify the federal or constitutional right he believes was violated and he must state specific facts that support each alleged violation. Plaintiff may attach additional pages to the required form as necessary, but he must clearly label any additional pages so that the Court and opposing parties can determine which facts support Count I, Count II, Count III, etc.

If Plaintiff fails to timely file a second amended complaint, the Court will proceed on the currently controlling amended complaint and will dismiss Counts II and III for failure to state a

claim without further prior notice to Plaintiff. The case will then proceed only on Count I, which will be screened with the understanding that it raises a claim under the RFRA. If Plaintiff timely files a second amended complaint, the Court will conduct the statutorily required review of the second amended complaint and issue further orders as necessary.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for appointment of counsel (Doc 3) is denied without prejudice to refiling if this case survives screening.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **May 22, 2026,** in which to file a complete and proper second amended complaint that cures the deficiencies discussed herein. The Clerk is directed to send the required forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

Dated April 16, 2026, in Kansas City, Kansas.

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

14