FILED
U.S. District Court
District of Kansas
11/09/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ZACKERY J. ASKINS,**

**Plaintiffs,**

**v.** **CASE NO. 26-3048-JWL**

**LAURA A. PROFFIT, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff Zackery J. Askins is a military prisoner currently incarcerated at the Midwest Joint Regional Corrections Facility ("MJRCF") at Fort Leavenworth, Kansas. Plaintiff brings this pro se civil rights action under 28 U.S.C. § 1331. The Court granted Plaintiff leave to proceed in forma pauperis. On October 9, 2026, the Court entered a Memorandum and Order (Doc. 29) ("M&O") granting Plaintiff until November 9, 2026, in which to show good cause why his remaining claims should not be dismissed for the reasons set forth in the M&O. This matter is before the Court on Plaintiff's Motions for Injunctions (Docs. 30, 31); Motion to Readdress and Restate Complaint as Part of the Response to Memorandum and Order (Doc. 32); Motion for Continuance (Doc 33); and Motion to Amend and Expand Defendants (Doc. 34).

**I. Motions for Injunctions (Docs. 30, 31)**

In his first motion, Plaintiff asks the Court to order the MJRCF to: 1) publish their own policies about administrative remedies and exhaustion; 2) follow those same polices; and 3) stop retaliating against inmates who attempt to follow the facility's own policies in utilizing administrative remedies. (Doc. 30, at 1–2.) In his second motion for injunction, Plaintiff asks the Court to order the Defendants to cease destroying administrative remedies. (Doc. 31, at 1–2.)

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a

likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and

TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted). The movant must also establish a relationship between the injury claimed in their motion and the conduct alleged in the complaint. *Little*, 607 F.3d at 1251 (citation omitted); *see also Hicks v. Jones*, 332 F. App'x 505, 507–08 (10th Cir. 2009) (affirming denial of injunctive relief where movant sought relief on "a matter lying wholly outside the issues in [his] suit").

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal. In fact, his remaining claims are subject to dismissal. Plaintiff's motions seeking injunctive relief are denied.

**II. Motion to Readdress and Restate Complaint (Doc. 32)**

Plaintiff asks the Court for "leave to restate and readdress the complains [sic] made in the SAC (Doc #11), and respond to the Court's *Memorandum and Order* (Doc. #29) as one unified document and response." (Doc. 32, at 1.) The Court notes that the Court has already denied Plaintiff's requests for monetary damages and requests to have Defendants terminated, reassigned, or criminally charged, and dismissed his individual capacity claims and claims against Defendant Hansen. Plaintiff was granted an opportunity to address those claims, and the Court considered his response before denying the claims in the M&O. Therefore, Plaintiff's motion seeking to readdress and restate his claims is denied. However, the Court is granting Plaintiff an extension of time to respond to the M&O and he can address all of his arguments in his response.

**III. Motion for Continuance (Doc. 33)**

Plaintiff asks the Court to grant him a 60-day continuance to respond to the M&O based

on his limited access to the law library. (Doc. 33, at 1.) The Court will grant the motion to the extent that the Court will grant Plaintiff a 30-day extension of time.

**IV. Motion to Amend and Expand Defendants (Doc. 34)**

Plaintiff asks the Court to grant him leave to modify and expand the list of defendants based on the change of Commanders at the MJRCF. (Doc. 34, at 1.) He claims that LTC Kraut has replaced LTC Proffit. *Id.* He seeks to add LTC Kraut and Mr. Robichaux as defendants. The Court denies the motion without prejudice to refiling if any of Plaintiff's claims survive screening.

**IT IS THEREFORE ORDERED** that Plaintiff's motions (Docs. 30, 31, and 32) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Continuance (Doc. 33) is **granted** to the extent that the Court is granting Plaintiff a 30-day extension of time to respond to the Court's M&O at Doc. 29.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend and Expand Defendants (Doc. 34) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **December 9, 2026,** in which to show good cause, in writing to the undersigned, why his remaining claims should not be dismissed for the reasons set forth in the Court's M&O at Doc. 29. Failure to respond by the deadline may result in dismissal of this case without further notice.

**IT IS SO ORDERED.**

**Dated November 9, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**